# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                     **Case No. 07-CR-283**

**EMMANUEL AYALA-GARCIA**
        **Defendant.**

## SENTENCING MEMORANDUM

The government charged defendant Emmanuel Ayala-Garcia with unlawfully re-entering the United States after deportation, contrary to 8 U.S.C. 1326. Defendant pleaded guilty to the charge, and I set the case for sentencing. In imposing sentence, I follow a two-step procedure: (1) calculate the advisory guideline range, and (2) select a sentence that is sufficient but not greater than necessary given all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

## I. GUIDELINE DETERMINATION

The pre-sentence report ("PSR") recommended an offense level of 21 (base level 8, U.S.S.G. § 2L1.2(a), plus 16 because the deportation followed defendant's conviction of a crime of violence, i.e. criminal sexual abuse/force, § 2L1.2(b)(1)(A)(ii), and minus 3 for acceptance of responsibility, § 3E1.1) and criminal history category of III, which produced an imprisonment range of 46-57 months. I found these calculations correct and adopted them without objection.

## II. SENTENCE

**A. Section 3553(a) Factors**

Section 3553(a) directs the court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in § 3553(a)(2). Although the guidelines serve as the starting point in making this determination, Gall v. United States, 128 S. Ct. 586, 596 (2007), the district court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007), or place any "thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier,

2

491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an independent determination of what sentence is sufficient but not greater than necessary, taking into account the advisory guideline range, the relevant § 3553(a) factors, and any non-frivolous arguments presented by the parties in support of a particular sentence. United States v. Wilms, 495 F.3d 277, 282 (6th Cir. 2007).

**B.     Analysis**

    **1.     Nature of Offense and History of Defendant**

Defendant, a citizen of Mexico, first came to the United States (illegally) with his mother in 1990 at age eight. In September 2003, he was convicted of criminal sexual abuse and sentenced to two years in prison, then deported in April 2004. He subsequently returned to the United States, and immigration authorities found him after an arrest for disorderly conduct, reinstated the removal order and deported him again in December 2006. Defendant came back a second time, and in September 2007 immigration officials again found him in the Kenosha County Jail. When interviewed, defendant admitted that he was a citizen of Mexico, that he had been deported before, and that he had returned within six months without permission. Fingerprints confirmed that he was the same person previously removed in April 2004 and December 2006.

Defendant stated that he returned despite the risks in order to be with his family and have a better life in the United States. Defendant's parents, siblings and one of his children lived in the Kenosha, Wisconsin area. However, he left two other children, ages eighteen months and five months (along with their mother), behind in Mexico. He also compiled a fairly serious record in this country, with convictions for drunk driving, criminal sexual abuse and

3

disorderly conduct. The sexual abuse case precipitated his deportation, and he committed the disorderly conduct offense – which involved violence against the mother of his five year old son – after re-entering. Defendant reported having two other children from previous relationships, but he had never met them and knew little about them.

Defendant advised the PSR writer that he hoped to overturn his Illinois sexual abuse conviction and return to the United States in the future. At sentencing, defense counsel explained that defendant understood he could not return without permission, and that he faced serious consequences if he did so. Defendant's actions to date suggested that he might return regardless of the legality.

Defendant dropped out after the eighth grade in the Waukegan, Illinois school system and compiled a sparse and largely unverifiable work record in this country. However, since being taken into custody on this charge, he did make efforts to obtain his GED and worked full-time in the jail kitchen, which demonstrated some effort at self-improvement. He appeared to have no substance abuse or other correctional treatment needs. See 18 U.S.C. § 3553(a)(2)(D).

### 2. Guidelines and Purposes of Sentencing

The guidelines recommended 46-57 months, and the government requested a sentence within the range. Defendant requested a non-guideline sentence of 24 months, but under all of the circumstances I found his requested sentence insufficient. The offense was serious in that it demonstrated disrespect for the law and represented defendant's second unlawful re-entry after removal. See 18 U.S.C. § 3553(a)(2)(A). I also had to protect the public, given defendant's serious record, see § 3553(a)(2)(C), and attempt to deter him, given his past re-entries and professed intent to come back again, see § 3553(a)(2)(B). I understood the lure

4

of coming to the United States for a better standard of living, especially when family members were here, but defendant had family in Mexico too, including his grandmother, girlfriend and two small children. Until recently, he also did little to better himself in this country, dropping out of school and working irregularly.

Defendant pressed three specific grounds for a substantially below-guideline sentence, but I found them largely unpersuasive. First, he noted his cultural assimilation to this country. He first came here with his mother as a child, spent the majority of his life in the United States and considered English his first language. I agreed that this could form the basis for a departure, see United States v. Martinez-Alvarez, 256 F. Supp. 2d 917, 922 (E.D. Wis. 2003), or a variance from the guidelines, see United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 964 (E.D. Wis. 2005), but found defendant's claim relatively weak. Although defendant had lived in the United States for much of his life, he spoke Spanish and continued to have family in Mexico, including young children. Defendant stated that he had little relationship with his children in Mexico, but that appeared to be as a result of his own choices; it did not mitigate this offense. I also considered defendant's conduct in this country, which included significant criminal activity and, until recently, a failure to better himself.

Second, defendant argued that the 16 level enhancement under § 2L1.2(b)(1)(A) overstated the severity of his offense. This enhancement can result in sentences greater than necessary, see, e.g., U.S. v. Macias-Prado, No. 08-CR-30, 2008 WL 2337088, at *3 (E.D. Wis. June 6, 2008); Galvez-Barrios, 355 F. Supp. 2d at 961-63, but not in this case. Defendant committed a forcible sex offense, during which he ripped off the victim's pants and tried to assault her. In this court, he claimed that he did nothing wrong in that case and pleaded guilty just to get it over with, but I did not accept his claim. It was true that the state of Illinois allowed

5

defendant to plead to a less severe offense among those initially charged,[1] but that likely reflected plea bargaining practices. The offense remained a serious one based on the record before me.

Finally, defendant asked for fast-track consideration. The Seventh Circuit has disapproved of this factor as a basis for a variance, see United States v. Rodriguez-Rodriguez, 453 F.3d 458, 462-63 (7th Cir. 2006) (citing United States v. Galicia-Cardenas, 443 F.3d 553 (7th Cir. 2006)), but Kimbrough may have superseded the Seventh Circuit's treatment of the issue. Compare United States v. Rodriguez, No. 06-2656, 2008 WL 2265898, at *5 (1st Cir. June 4, 2008) (overruling previous circuit precedent on fast-track in light of Kimbrough), with United States v. Gomez-Herrera, 523 F.3d 554, 562-64 (5th Cir. 2008) (continuing to hold, after Kimbrough, that district courts may not consider fast-track). In any event, assuming that I possessed the discretion to consider this factor, I declined to do so in the present case. As I discussed in United States v. Jimenez-DeGarcia, 481 F. Supp. 2d 946, 949, 952 (E.D. Wis. 2007), it is questionable whether a fast-track sentence will, in the case of a defendant who returns repeatedly (as this defendant had), adequately promote respect for the law and deter future re-entries. It was true that in this case defendant filed no motions and quickly agreed to plead guilty, but one of the purposes of sentencing I had to consider was specific deterrence and to reduce the sentence on this basis would have failed to satisfy that purpose. See also United States v. Peralta-Espinoza, 383 F. Supp. 2d 1107, 1112 (E.D. Wis. 2005) (declining to reduce a sentence based on fast-track where the defendant engaged in new criminal conduct

---

[1] Defendant was also charged with unlawful restraint/criminal sexual abuse, battery/unlawful restraint, cocaine possession, and two counts of battery/cause bodily harm arising out of this incident. (PSR ¶ 32.)

6

on re-entry and left a family behind in Mexico).

Therefore, I declined to impose the 24 month sentence suggested by the defense. In order to acknowledge the positive character development reflected by defendant's recent educational and vocational endeavors, I imposed a sentence slightly below the guideline range. I found that this slight variance also sufficiently accounted for any overstatement caused by the 16 level enhancement, as well as defendant's familial and cultural motivation for re-entering.

### III. CONCLUSION

For all of the reasons stated, I committed defendant to the custody of the Bureau of Prisons for 42 months. Because immigration authorities would remove defendant upon completion of his prison sentence, making him unavailable for supervision, I imposed no supervised release. See United States v. Parker, 508 F.3d 434, 442 (7th Cir. 2007) (noting that, post-Booker, "supervised release is discretionary absent a separate statutory provision making it mandatory"). Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge